IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT ALLEN VINAY, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Civil Action 21-51 |
| | ) | |
| KILOLO KIJAKAZI,[1] | ) | |
| | ) | |
| Commissioner of Social Security | ) | |

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Robert Allen Vinay, Jr. ("Vinay") brought this action for review of the final decision of the Commissioner of Security denying his claim for social security benefits. Vinay contends that he became disabled on January 11, 2018. (R. 12). He was represented by counsel at a hearing before an Administrative Law Judge ("ALJ") in October 2019. (R. 30-69). During the hearing both Vinay and a vocational expert ("VE") testified.  Ultimately, the ALJ denied benefits. (R. 12-24). Vinay has filed this appeal. The parties have filed Cross-Motions for Summary Judgment. See ECF Docket Nos. 12 and 14.

### Opinion

1. Standard of Review

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) and 1383(c)(3)(7). Section 405(g) permits a district court

---

[1] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.

1

to review the transcripts and records on which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. § 706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. *Burns v. Barnhart,* 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence.  Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.*  The Commissioner's findings of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979); *Richardson,* 402 U.S. at 390, 91 S. Ct. 1420.

   A district court cannot conduct a *de novo* review of the Commissioner's decision, or re-weigh the evidence; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998); *S.E.C. v. Chenery Corp.,* 332 U.S. 194, 196-7, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses,

and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." *Brunson v. Astrue*, 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

    2. The ALJ's Decision

At step one, the ALJ determined that Vinay had not engaged in substantial gainful activity since January 11, 2018, the alleged onset date. (R. 14). At step two, the ALJ found that Vinay suffered from the following severe impairments: degenerative disc disease, radiculopathy, psoriasis, neuropathy, OSA, periodic limb movement, carpal tunnel syndrome, major depressive disorder, a panic disorder, hypochondriasis, a personality disorder, a mood disorder, a neurocognitive disorder, bipolar disorder, and anxiety disorder. (R. 14-15). Turning to the third step, the ALJ concluded that those impairments, considered singly or in combination, did not meet or medically equal the severity of a listed impairment. (R. 15-18). The ALJ then found that Vinay had the residual functional capacity ("RFC") to perform light work with certain restrictions. (R. 18-22). At the fourth step the ALJ concluded that Vinay was unable to perform any past relevant work. (R. 23). Ultimately, at the fifth step of the analysis, the ALJ determined that Vinay was capable of performing work in jobs existing in significant numbers in the national economy. (R. 24). Consequently, the ALJ denied benefits.

    3. Discussion

Vinay takes issue with the ALJ's formulation of the RFC as it pertains to his mental limitations. Specifically, Vinay challenges the ALJ's treatment of Dr. Golman's

findings regarding mental functional limitations.[2] Dr. Golman diagnosed Vinay, in part, with unspecified bipolar and related disorder, unspecified anxiety disorder, and alcohol use in sustained remission. (R. 836-837). She declared that his prognosis was "fair, given the claimant's intellectual abilities, social support network, and the fact that he is receiving mental health services." (R. 837). She completed a Medical Source Statement and opined that Vinay had only mild limitations in understanding, remembering, and carrying out simple instructions and making judgments on simple work-related decisions. (R. 838). She found that Vinay had moderate limitations with respect to understanding, remembering, and carrying out complex instructions and making judgments on complex work-related decisions. (R. 838-839). However, Golman found that Vinay had marked limitations in terms of interacting appropriately with the public, supervisors, and co-workers, and in responding appropriately to usual work situations and to changes in routine work settings. (R. 839).

The ALJ found Golman's opinion to be "persuasive." (R. 21). Specifically, he stated that:

> Based upon the objective findings from the consultative mental status examination in 2018, Dr. Golman opined that the claimant would have a mild to moderate degree of difficulty understanding instructions and making decisions, as well as a marked degree of difficulty interacting with others and responding appropriately to changes. (Exhibit B17F/p.8-9). Specifically, the mental examination showed some evidence of impaired short-term memory, attention, and concentration. (Exhibit B17F/p. 5-6). At the examination, claimant did allege

---

[2] Because Vinay's claim was filed after March 27, 2017, it is subject to new Social Security regulations regarding the evaluation and treatment of medical opinions. These new regulations require an ALJ to focus upon the persuasiveness of each medical opinion rather than to accord opinions particular evidentiary weight. See 20 C.F.R. 404.1520c; 416.920c. An ALJ is required to articulate how persuasive he / she finds the medical opinions and prior administrative findings. *Id.* at 404.1520c(b); 416.920c(b). In so doing, the ALJ shall consider the following factors: (1) supportability; (2) consistency, (3) relationship with the claimant; (4) specialization; and (5) other factors such as familiarity with other evidence in the claim or an understanding of disability policies and evidentiary requirements, as well as whether new evidence received after the opinion makes the opinion more or less persuasive. *Id.* at 404.1520c(c); 416.920c(c).

4

> that he could not independently shop at a store because "he has difficulty with people," and he struggles to manage his own money because of "concerns regarding [his] judgment" (Exhibit B17F/p.6). On the other hand, Dr. Golman found that claimant's "[t]houghts were coherent and goal directed with no evidence of hallucinations, delusions, or paranoia in the evaluation setting." Exhibit B17F/p.5. Claimant's intellectual functioned [sic] appeared in the above-average range. *Id*. at 6. Claimant reported to Dr. Golman that he could dress, bathe, and groom himself. He also claimed to cook (but not a lot) and performed "minimal cleaning" and some laundry (although he needed assistance as he becomes "overwhelmed."). *Id*. Finally, claimant told Dr. Golman that "[h]e has friends and positive relationships with family." *Id*.

(R. 21). The ALJ also found the report submitted by state agency psychological consultant, John Rohar, Ph.D., to be "somewhat persuasive." (R. 21). The ALJ noted that Rohar "correctly" observed that Vinay's mental status examinations "have been unremarkable," and that Vinay has not had any inpatient treatment during the period at issue. (R. 21). However, he found that Rohar's conclusion that Vinay could follow simple instructions, perform one or two-step tasks, and accept instructions despite mild to moderate functional limitations, to "slightly understate" the severity of Vinay's mental impairments, "especially insofar as it limits his ability to interact with others." (R. 21).

Ultimately, the ALJ found, in part, that Vinay had the residual functional capacity to perform simple and routine tasks; make simple work-related decisions; tolerate occasional supervision; work in the proximity of his co-workers throughout the day with only occasional interaction and no group or tandem work; have only incidental or cursory contact with the public; work in positions that involved working with things rather than people; work in a low-stress environment with no production rate-paced work, no work that required him to keep up with a machine, and only occasional changes to his routine or work setting; and allowed him to be off task for 10% of the work day and to be absent from work one day per month. (R. 18). Vinay contends that, having found

5

Golman's opinion to be "persuasive," the ALJ erred in concluding that Vinay could tolerate only occasional supervision and could work in proximity to his coworkers throughout the day, with only occasional interaction and with no group or tandem work. Vinay alleges that "[t]he ALJ is not a psychological expert and must restrict himself to his proper legal functions." (ECF 13, p. 16).

I take issue with Vinay's assertions. It is well-established that "[t]he ALJ – not treating or examining physicians or State agency consultants – must make the ultimate disability and RFC determinations." *Chandler v. Comm'r. of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011). Further, an ALJ is also "entitled generally to credit parts of an opinion without crediting the entire opinion." *Durden v. Colvin*, 191 F. Supp.3d 429, 455 (M.D. Pa. 2016) (citations omitted). "It follows that an ALJ can give partial credit to all medical opinions and can formulate an RFC based on different parts from the different medical opinions. *Durden*, 191 F. Supp.3d at 455 (citations omitted).  Against this backdrop, I find that the ALJ's formulation of the RFC is supported by substantial evidence of record. The ALJ carefully examined the medical opinion evidence, evaluated its consistency with the clinical record, as well as its persuasiveness, considered Vinay's daily activities and subjective complaints and concluded that Vinay was not disabled. His finding that Vinay can tolerate "*occasional* supervision" and work "in proximity" to coworkers, but *without* group or tandem work is not inconsistent with Golman's opinion regarding "marked limitations" in interacting with supervisors and coworkers. There is simply no error here.  Consequently, I find that remand is not warranted.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT ALLEN VINAY, JR. )<br>    Plaintiff, )<br>)<br>-vs- )<br>)<br>KILO KIJAKAZI, )<br>)<br>Commissioner of Social Security, Defendant. ) | Civil Action No. 21-51 |

AMBROSE, Senior District Judge.

## ORDER OF COURT

Therefore, this 23rd day of September, 2021, it is hereby ORDERED that the Motion for Summary Judgment (Docket No. 12) is DENIED and the Motion for Summary Judgment (Docket No. 14) is GRANTED. The Clerk of Courts shall mark this case "Closed" forthwith.

BY THE COURT:

*Donetta F. Ambrose*
Donetta W. Ambrose
United States Senior District Judge

7